# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
------------------------------------X
:
BARBARA C. BLOUNT,                                      Index No.: _____
:
             Plaintiff,
:                                       **VERIFIED COMPLAINT**
   -against-
:
Dr. MICHAEL W. OSBORNE, DDS, and                        Venue is Based on the Residence
INSTITUTE FOR FAMILY HEALTH, INC. d/b/a   :             of the Parties; and the Location
STEVENSON FAMILY HEALTH CENTER,                         Where a Substantial Part of the
:                                       Omissions Giving Rise to the Claim
             Defendants.                        Occurred Under CPLR §503(a)
:
------------------------------------X

      Plaintiff, Barbara C. Blount, by her attorneys DeSimone & Associates, LLC, by way of Complaint against defendants, Dr. Michael W. Osborne, DDS ("Dr. Osborne") and Institute for Family Health d/b/a Stevenson Family Health Center ("Health Center"), alleges as follows:

### PRELIMINARY STATEMENT

    1.    This is an action in which Plaintiff, Barbra C. Blount seeks compensatory and punitive damages, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems just and proper, in connection with the negligent dental treatment provided by Dr. Osborne at the Health Center causing her severe and permanent physical injury.

### JURISDICTION AND VENUE

    2.    The Court has personal jurisdiction over Defendants under CPLR 301 because Dr. Osborne and the Health Center conduct business in the State of New York.

    3.    Venue is proper under CPLR §503(a) because Plaintiff and the Health Center both reside in Bronx County; and a Bronx County is where a substantial part of the omissions giving rise to the instant Action occurred.

## PARTIES

4. Plaintiff, Barbara C. Blount, is a resident of the State of New York, Bronx County.

5. Defendant Institute for Family Health, Inc. d/b/a Stevenson Family Health Center ("Health Center"), located at 731 White Plains Road, Bronx, New York 10473, is a Health Center existing under Federal and New York State law that provides dental services, and at all times alleged herein was authorized to conduct business in the State of New York.

6. At all times alleged herein, defendant Health Center maintained, operated, managed and controlled a dental office for the care of the public in the County of Bronx, State of New York and held itself out to the public as furnishing facilities for dentistry and oral surgery where patients, including Plaintiff could be treated and cared for by competent and skilled oral surgeons, dentists, dental personnel and technicians.

7. Dr. Michael W. Osborne, DDS is a dentist licensed by the State of New York who performed oral surgery on Plaintiff at the Health Center.

8. At all times alleged herein, defendant Dr. Osborne, held himself out as being proficient and expert in the field of oral surgery.

9. Upon information and belief, that at all times alleged herein, defendant Dr. Osborne was a shareholder, officer, agent, servant and/or employee of the Health Center, acting within the course and scope of such relationship.

## STATEMENT OF FACTS

10. From January 9, 2018 through February 26, 2018, Plaintiff was a patient under the care and treatment of defendants Dr. Osborne and Health Center, and underwent various dental procedures performed by Dr. Osborne, including a tooth extraction.

2

11. On January 9, 2018, Plaintiff visited Dr. Osborne at the Health Center for a routine tooth cleaning. At that time, Dr. Osborne informed Plaintiff that she had a cavity in her mandibular left first premolar ("tooth #21").

12. On February 8, 2018, Dr. Osborne filled plaintiff's tooth #21.

13. On February 13, 2018, plaintiff visited Dr. Osborne at the Health Center due to pain emanating from tooth #21. During that visit, Dr. Osborne removed part of the filling, placed a desensitizer and restored new filling.

14. On February 21, 2018, Plaintiff visited Dr. Osborne at the Health Center due to constant pain on tooth #21 with sensitivity to hold and cold temperatures. During that visit, Dr. Osborne observed that the filling in tooth #21 appeared to be in close proximity to a nerve and prescribed Plaintiff pain medication and antibiotics.

15. After experiencing continuing pain on tooth #21, Plaintiff again visited Dr. Osborne at the Health Center on February 26, 2018. During that visit, Dr. Osborne performed surgical extraction of tooth #21.

16. Following surgical extraction of tooth #21, neither Dr. Osborne nor any agent, servant, employee of the Health Center perform a post-operative x-ray in order to confirm complete removal of tooth #21.

17. On March 10, 2018, Plaintiff visited NYU College of Dentistry ("NYU") for evaluation of continued left jaw pain.

18. At that time, an x-ray was taken that revealed a sub-osseous retained root of tooth #21 that Dr. Osborne failed to remove.

19. On March 14, 2018, Plaintiff underwent oral surgery for root removal of tooth #21.

3

## AS AND FOR A FIRST CAUSE OF ACTION
### (Professional Malpractice Against Defendants)

20.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 19, with the same force and effect as though more fully set forth at length herein.

21.     Defendants owed Plaintiff a duty to provide her with treatment and care consistent with the acceptable standards of medical and dental care and treatment.

22.     The medical and dental care and treatment provided by the Defendants, their respective agents, servants, partners and/or employees was rendered in a negligent and unskilled manner which departed and deviated from the acceptable standards of medical and dental care and treatment.

23.     Specifically, Defendants' failure to fully extract tooth #21, and failure to perform a post-operative x-ray in order to confirm complete removal of tooth #21 constitutes a departure from the acceptable standards of medical and dental care and treatment.

24.     As a direct result of the professional malpractice and lack of proper and acceptable care by Defendants, their respective agents, servants and/or employees, Plaintiff sustained severe, serious and permanent injuries.

25.     Based on the foregoing, Defendants are liable, jointly and severally, for compensatory and punitive damages for the injuries sustained by Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring Against Defendant Health Center)

26.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25, with the same force and effect as though more fully set forth at length herein.

27.     At all times alleged herein, defendant Health Center and defendant Dr. Osborne were in an employer-employee relationship.

28. At all times alleged herein, defendant Health Center and its medical, dental, nursing and technical staff were in an employer-employee relationship.

29. Defendant Health Center owed its patients, including Plaintiff, a duty of care to perform the requisite screening of employees to ensure that it hired individuals who are competent to provide adequate and acceptable medical, dental care and treatment.

30. Defendant Health Center, a health care provider existing under Federal and New York State Law, knew or should have known of the propensity of defendant Dr. Osborne as well as its other medical, dental, nursing and technical staff to fail to provide its patients with treatment and care consistent with the acceptable standards of medical and dental care.

31. The failure of Dr. Osborne as well as the other medical, dental, residential, nursing and technical staff of the Health Center to provide adequate and acceptable treatment and care was committed in the course of treating Plaintiff at the Health Center.

32. The failure to provide Plaintiff with adequate and acceptable treatment by Dr. Osborne as well as the other medical, dental, nursing and technical staff of Defendant Health Center was the proximate cause Plaintiff's severe, serious and permanent injuries.

33. Based on the foregoing, Defendant Health Center is liable for compensatory and punitive damages for the injuries sustained by Plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION
(Negligent Supervision Against Defendant Health Center)

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33, with the same force and effect as though more fully set forth at length herein.

35. At all times alleged herein, Defendant Health Center owed its patients, including Plaintiff, a duty of care to supervise its medical, dental, nursing and technical staff in order to ensure adequate and acceptable treatment and care.

36. Defendant Health Center, a health care provider existing under Federal and New York State Law, failed to properly supervise its medical, dental, nursing and technical staff, and knew or should have known that a failure to do so would result in a lack of proper and acceptable care of its patients, including the lack of proper and acceptable medical treatment of Plaintiff, as set forth above.

37. The failure of Dr. Osborne as well as the other dentists, residents, nurses and technical staff of the Health Center to provide Plaintiff with adequate and acceptable treatment and care was committed in the course of treating Plaintiff at the Health Center.

38. The failure of Dr. Osborne as well as the other dentists, residents, nurses and technical staff of Defendant Health Center to provide Plaintiff with adequate and acceptable treatment and care was the proximate cause Plaintiff's severe, serious and permanent injuries.

39. Based on the foregoing, Defendant Health Center is liable for compensatory and punitive damages for the injuries sustained by Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligence Against Defendant Health Center)

40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39, with the same force and effect as though more fully set forth at length herein.

41. Defendant Health Center owes a duty of care to its patients, including Plaintiff to ensure its medical, dental, nursing and technical staff are competent to provide proper and acceptable medical and dental treatment.

42. Defendant Health Center, a health care provider existing under Federal and New York State Law, knew or should have known of the failure of its medical, dental, nursing and technical staff, including Dr. Osborne, to provide acceptable and proper medical and dental treatment to Plaintiff.

6

45. The negligent acts of Dr. Osborne as well as the other medical, dental, residential, nursing and technical staff of Defendant Health Center were committed in the course of treating Plaintiff.

46. The failure of Dr. Osborne as well as the other medical, residential, nursing and technical staff of Defendant Health Center to provide acceptable and proper medical and dental care to Plaintiff was the proximate cause Plaintiff's severe, serious and permanent injuries.

47. Based on the foregoing, Defendant Health Center is liable for compensatory and punitive damages for the injuries sustained by Plaintiff.

**WHEREFORE**, Plaintiff, Barbara C. Blount demands the following relief, jointly and severally, against Defendants, Dr. Michael W. Osborne, DDS and Institute for Family Health d/b/a Stevenson Family Health Center:

A. Compensatory damages in an amount to be determined by jury at the time of trial;

B. Punitive damages in an amount to be determined by jury at the time of trial;

C. Attorneys' fees, costs and interest; and

D. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 19, 2020

Ralph DeSimone, Esq.
DeSIMONE & ASSOCIATES. LLC
745 Fifth Avenue, Suite 500
New York, New York 10151
(646) 776-7425 (telephone)
(212) 207-3111 (facsimile)

7

## VERIFICATION

STATE OF NEW YORK )
                  :ss.:
COUNTY OF NEW YORK )

RALPH DESIMONE, being duly sworn, deposes and says:

I am the attorney for plaintiff Barbara C. Blount ("plaintiff") in this action. I have read the foregoing Verified Complaint; know the contents thereof and the same is true to my knowledge except as to matters therein stated to be alleged upon information and belief.

The reason that I submit this Verification is because plaintiff does not reside within the New York County where I maintain an office.

Ralph DeSimone

Sworn to before me on the
19th day of February, 2020.

Notary Public

DAMARYS VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6308018
Qualified in New York County
My Commission Expires July 21, 2022

8

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
------------------------------------X
:
BARBARA C. BLOUNT,                  :    Index No.: _____
:
Plaintiff,       :
:    **CERTIFICATE OF MERIT**
-against-              :
:
Dr. MICHAEL W. OSBORNE, DDS, and    :
INSTITUTE FOR FAMILY HEALTH, INC. d/b/a :
STEVENSON FAMILY HEALTH CENTER,     :
:
Defendants.      :
:
------------------------------------X

      RALPH DESIMONE, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

      1.    I am a member of the firm of DeSimone & Associates, LLC, attorneys for plaintiff Barbara C. Blount in the above action, and as such, am fully familiar with the facts and circumstances surrounding this matter, and make this Certificate of Merit, pursuant to CPLR §3012-a.

      2.    I consulted with at least one physician who is licensed to practice in the State of New York state and who I reasonably believe is knowledgeable in the relevant issues involved in the particular action.

      3.    I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:  New York, New York
       February 19, 2020

                                                  Ralph DeSimone